MARVIN, Judge
(dissents).
From the stipulated facts we know only that the assailant-robber entered the liquor store, pointed and fired the pistol at the owner, Cadaro, killing him, and then pointed and fired the pistol at plaintiff, Culotta, wounding him. Afterwards, the assailant-robber took the cash from the register, fled the store, and has not been apprehended. There is no evidence to show that either Culotta or the robber was known to one another, whether by sight, by name or by other identifying characteristics. The assailant-robber could have shot Culotta because he thought Culotta was a person that knew the assailant by sight, by employment or by name or other association. He could have shot Culotta because he thought Cu-lotta was some sort of an armed guard or night watchman. He could have shot Cu-lotta because he wanted to do away with all witnesses to the armed robbery. He also could have shot Culotta and Cadaro because of a grudge against them, or because of a grudge against the owner and an employee of the liquor store, other than Culotta. Why the assailant shot Culotta is *866 not known, and may only be surmised by this court and the trial court, when there are no more facts than are present here. For example, we are not told that Cadaro and Culotta were the only persons in the store besides the assailant-robber. We are not told what if anything the assailant said before or after the shootings. We are not told whether either one or the other (Cu-lotta and the assailant) knew each other. We can assume as did the majority and as argued by the insurer-appellee that Culotta was shot because the assailant wanted to do away with all witnesses to the robbery. But in making this assumption, we have to make other assumptions as to the motive or even the absence thereof of the assailant; that .nothing was said; that the assailant did not mistakenly identify or associate Culotta with some thing or activity connected with the assailant.
The law is that the insurer has the burden of proving not only that the shot was intentionally and not accidentally fired, but that the person that the assailant intended to shoot was in fact the insured. Briley, Chambers, and Tornabene, cited by the majority clearly stand for this principle. If the assailant was mistaken as to the identity of the person he intentionally injured, the exclusion provision does not apply. Chambers, supra. The burden, however, of showing this rests with the insurer. Under the scant facts presented, the majority can assume the assailant was not mistaken as to Culotta. We can also assume on the basis of the scant facts presented that the assailant was mistaken about who or what Culotta was and why Culotta was in the store. The burden of negativing this or showing that the only reasonable hypothesis consistent with the exclusion, under the established jurisprudence, rests heavily upon the insurer.
I would hold that under the scant factual picture before us, the insurer has not met the burden in this case and would reverse the trial court.
I respectfully dissent.